Civil Action No.   1:21-cv-00180

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ELIZABETH COX, | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action No. 1:21-cv-00180 |
| | § | |
| LOUIS GARASSINO and | § | |
| CENTRAL HAULING COMPANY, | § | |
| *Defendants*. | § | |

## <u>INDEX OF MATTERS BEING FILED</u>

TO THE CLERK OF THE WESTERN DISTRICT COURT OF TEXAS, AUSTIN DIVISION

NOW COMES Defendant CENTRAL HAULING COMPANY and attaches this Index of

Matters Being Filed to its Notice of Removal:

1. Case Details for Cause No. 20-2029-C368;

2. Plaintiff's Original Petition;

3. Request for Issuance of Citation on Defendant CENTRAL HAULING COMPANY;

4. Affidavit of Service on CENTRAL HAULING COMPANY;

5. Citation, Petition, and Requests for Disclosure, Requests for Admission, Interrogatories, and Requests for Production Served on Defendant CENTRAL HAULING COMPANY; and

6. Defendant CENTRAL HAULING COMPANY'S Original Answer and Requests for Disclosure.

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 (fax)

By: */s/ Lynn S. Castagna*
    Lynn S. Castagna
    State Bar No. 03980520
    Lynn@texasdefense.com
    Steven B. Loomis
    State Bar No. 00793177
    Loomis@texasdefense.com

**ATTORNEYS FOR DEFENDANT**
**CENTRAL HAULING COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been electronically filed with the Clerk of the Court using the CM/EMF system which will send notification of such filing and has been sent to the following:

Zachary J. Tritico
Post Office Box 1153
Bryan, Texas 77806
(979) 846-8686 (tel.)
(979) 764-8002 (fax)
ztritico@danielstarklaw.com

*Attorney for Plaintiff Elizabeth Cox*

in accordance with the Federal Rules of Civil Procedure, on February 24, 2021.

    */s/ Lynn S. Castagna*
    Lynn S. Castagna

Judicial Records / Public Access / Case Detail - Case: 20-2029-C368

# REGISTER OF ACTIONS
## CASE NO. 20-2029-C368

| Elizabeth Cox vs. Louis Garassino and Central Hauling Company | | | |
|---|---|---|---|
| | § | Case Type: | **Damage - Motor Vehicle** |
| | § | Date Filed: | **12/29/2020** |
| | § | Location: | |
| | § | | |
| | § | | |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| Defendant | **Central Hauling Company** | | **Lead Attorneys**<br>**Lynn S Castagna**<br>*Retained*<br>512-329-1004(W) |
| Defendant | **Garassino, Louis** | | |
| Plaintiff | **Cox, Elizabeth** | | **Zachary Tritico**<br>*Retained*<br>979-846-8686(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 12/29/2020 | **Original Petition (OCA)** | | |
| 01/11/2021 | **Request for Issuance** | | |
| 01/12/2021 | **Citation** | | |
| | Garassino, Louis | Unserved | |
| | Central Hauling Company | Served | 01/26/2021 |
| | | Returned | 02/04/2021 |
| 02/04/2021 | **Return of Service** | | |
| 02/22/2021 | **Original Answer** | | |

Filed 12/28/2020 4:08 PM
Lisa David, District Clerk
Williamson County, Texas
Michele Rodriguez

CAUSE NO. _20-2029-C368_____

| | | |
|---|---|---|
| **ELIZABETH COX,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **WILLIAMSON COUNTY, TEXAS** |
| **LOUIS GARASSINO and CENTRAL** | § | Williamson County - 368th Judicial District Court |
| **HAULING COMPANY,** | § | |
| *Defendants* | § | _____ **JUDICIAL DISTRICT** |

## <u>PLAINTIFF'S ORIGINAL PETITION</u>

TO THIS HONORABLE COURT:

COMES NOW Elizabeth Cox, Plaintiff, complaining of Louis Garassino and Central Hauling Company, Defendants, and would respectfully show:

### <u>1. Discovery Control Plan and Rule 47 Statement</u>

1.1     Plaintiff requests that the Court conduct discovery in this matter under Level 3 of the Discovery Control Plan pursuant to Rule 190 of the Texas Rules of Civil Procedure.

1.2     Plaintiff's Request for Disclosure, Request for Admissions, Interrogatories, and Request for Production propounded to Defendants are attached to Plaintiff's Original Petition and are being served contemporaneously upon said defendants pursuant to Rules 194, 196, 197, and 198 of the Texas Rules of Civil Procedure.

1.3     Despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that a plaintiff must state how much money a plaintiff is seeking in a given suit. Plaintiff would also remind the jury that it is their duty to determine damages. Therefore, for procedural purposes only, due to the new rules put in

Envelope# 49285536

place in 2013 and Rule 47 of the Texas Rules of Civil Procedure, Plaintiff would note that Plaintiff seeks monetary relief over $200,000, but less than $1,000,000.

2. Parties

2.1      Plaintiff is a resident of Williamson County, Texas.

2.2      In accordance with Section 30.015 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that Plaintiff's address is 675 County Road 150, Apt A, Georgetown, Texas 78626.

2.3      In accordance with Section 30.014 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that the last three (3) numbers of Plaintiff's driver's license number are 067 and that the last three (3) numbers of Plaintiff's Social Security number are 337.

2.4      Defendant Louis Garassino is a resident of Stewart County, Tennessee.

2.5      Defendant Louis Garassino may be served with process at 3216 Highway 79, Indian Mound, Tennessee 37079 (telephone: unknown), or wherever said defendant may be found.

2.6      Defendant Central Hauling Company is a foreign for-profit corporation doing business in the State of Texas.  Its principal place of business is in Pulaski County, Arkansas.

2.7      Defendant Central Hauling Company may be served with process via its registered agent, Thomas W. Bartholomew, 12024 Interstate 30, Little Rock, Arkansas 72209 (telephone: unknown), or wherever said agent may be found.

3. Jurisdiction

3.1      Plaintiff's damages are within the jurisdictional limits of this Court.

3.2     Defendant Louis Garassino was present in the State of Texas when his conduct from which this cause of action arises occurred and while conducting the business of Defendant Central Hauling Company; and therefore is subject to the jurisdiction of this Court.

3.3     Defendant Central Hauling Company does business in Texas and is subject to the jurisdiction of this Court.

## 4. Venue

4.1     All or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Williamson County, Texas.

4.2     As set forth below, Plaintiff's causes of action arise out of a vehicular collision in Williamson County, Texas wherein the negligent conduct of Defendants in Williamson County, Texas was a proximate cause of the collision and Plaintiff's damages resulting from the occurrence or injury in question.

4.3     Venue is therefore proper in Williamson County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## 5. Facts of Case

5.1     On or about July 13, 2020, at or near 5100 block of N IH 35, in Georgetown, Williamson County, Texas, a vehicle operated by Defendant Louis Garassino and owned by Defendant Central Hauling Company collided with a vehicle operated by Plaintiff.

5.2     At all times material to the events of this lawsuit Defendant Louis Garassino controlled, utilized, maintained, and operated vehicles in conduct of Defendant Central Hauling Company's business.  Defendant Louis Garassino was in the course and

scope of his employment with Defendant Central Hauling Company when he was involved in a collision with a vehicle being operated by Plaintiff.  That collision and the injuries sustained by Plaintiff as a result of that collision provide the basis of this lawsuit.

5.3     Defendant Louis Garassino's failure to use ordinary care in the operation of Defendants' vehicle was a proximate cause of this wreck and Plaintiff's resulting injury.

5.4     Defendant Central Hauling Company's failure to use ordinary care and ensure Defendant Louis Garassino was a safe and competent driver was also a proximate cause of this wreck and Plaintiff's resulting injury.

## 6. Causes of Action

6.1     Plaintiff bases Plaintiff's causes of action in part upon negligence or negligence per se as these terms are defined under the common law and statutes of Texas and the doctrines of *respondeat superior* and *res ipsa loquitur* are invoked where applicable.

6.2     Plaintiff would show that the conduct of Defendants, as set forth herein and otherwise, constituted negligence by act or omission, each and all of which was a proximate cause of the occurrence or injury in question and Plaintiff's damages resulting from the occurrence or injury in question.

6.3     Defendant Central Hauling Company is vicariously liable for the actions of Defendant Louis Garassino and for Plaintiff's injuries and damages under the legal theory of *respondeat superior* as that term is defined and understood pursuant to Texas law.

6.4     All conditions precedent to the filing of this lawsuit and bringing said causes of action have been performed or have occurred.

## 7. Damages

7.1     Plaintiff has suffered damages in the past as well as in the future.

7.2     These damages, past and future, include those damages resulting to Plaintiff, conditioned as Plaintiff was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

7.3     These damages, past and future, include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical and mental impairment, and reasonable expenses for necessary health care, including rehabilitative services and devices, resulting from the injuries sustained in the occurrence in question.

7.4     These damages include any subsequent aggravation of the injuries sustained in the occurrence in question.

## 8. Prayer for Relief

8.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants for all damages to which Plaintiff is entitled by law, prejudgment as well as postjudgment interest, costs of court, and such other and further relief, general and special, legal and equitable, to which Plaintiff is justly entitled.

## 9. Rule 193.7 Notice to Defendants

9.1     TO DEFENDANTS:  Plaintiff hereby notifies you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that Plaintiff currently intends to use all items produced by you in this litigation at any pretrial proceeding or trial.

### 10. Rule 609(f) Request to Defendants

10.1   TO DEFENDANTS:   Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff hereby requests, in regard to any witnesses that shall be named by any party as a person with knowledge of relevant facts, or as a testifying expert, that you give Plaintiff sufficient advance written notice of your intent to use evidence of a conviction of any such witness.

Respectfully submitted,
Daniel Stark, P.C.

BY:_____
Zachary J. Tritico
State Bar No. 24101152
ztritico@danielstarklaw.com
Post Office Box 1153
Bryan, Texas 77806
(979) 846-8686 (tel.)
(979) 764-8002 (fax)
ATTORNEY FOR PLAINTIFF

Filed: 1/11/2021 3:07 PM
Lisa David, District Clerk
Williamson County, Texas
Julie Borrero





# Lisa David

## DISTRICT CLERK

P.O. Box 24, Georgetown, Texas 78627

512.943.1212   Fax 512.943.1222

## *ISSUANCE REQUEST FORM*

Date requested: 01/11/2021                    Cause #   20-2029-C368

Style of Case: ELIZABETH COX v. LOUIS GARASSINO and CENTRAL HAULING COMPANY

Name of person requesting issuance:   Haley Taggart

Issuance requested:  [X] CITATION     [ ] CAPIAS      [ ] WRIT
                     [ ] PRECEPT      [ ] BENCH WARRANT   [ ] Other: _____

Document to include with issuance:   Plaintiff's Original Petition

Agency to serve issuance:   Please send citations to Daniel Stark

Party to be served:   Louis Garassino

1st Address line:   3216 Highway 79

2nd Address line:   _____

City, State, Zip   Indian Mound, Tennessee 37079

Party to be served:   Central Hauling Company

1st Address line:   via Registered Agent Thomas W. Bartholomew

2nd Address line:   12024 Interstate 30

City, State, Zip   Little Rock, Arkansas 72209

Party to be served:   _____

1st Address line:   _____

2nd Address line:   _____

City, State, Zip   _____

*Fees:  $8.00 per issuance, plus copy fees.*

Envelope# 49590631

Filed: 12/23/2020 9:49 AM
Lisa David, District Clerk
Williamson County, Texas
Dolores Donaldson

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Williamson**                    **District Court**

Case Number: 20-2029-C368

Plaintiff:
**ELIZABETH COX**
vs.
Defendant:
**LOUIS GARASSINO AND CENTRAL HAULING COMPANY,**

 For: Zachary Tritico
      Daniel Stark, P. C.

Received by MYERS ATTORNEY'S SERVICE to be served on **CENTRAL HAULING COMPANY BY SERVING REGISTERED AGENT THOMAS W BARTHOLOMEW, 12024 INTERSTATE 30, LITTLE ROCK, AR 72209.** I, _S a m m i e  R o b i d a u_, being duly sworn, depose and say that on the _24_ day of _February_, 20_21_ at _4_ : _05_ p.m., executed service by delivering a true copy of the **CITATION - OUT OF STATE, WILLIAMSON COUNTY LOCAL RULES, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANTS, PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT CENTRAL HAULING COMPANY, PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT CENTRAL HAULING COMPANY, PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CENTRAL HAULING COMPANY,** in accordance with state statutes in the manner marked below:

( ) GOV.AGENCY: By Serving _____ As _____ of the within-named agency.

(X) CORPORATE SERVICE: By Serving _Vernon  Nanca_ as _President_.

( ) OTHER SERVICE:See Comments Below:
( ) NON SERVICE: See Comments Below:
Service Was Completed At:
(X) ADDRESS ABOVE
( ) OTHER ADDRESS:_____

**COMMENTS:** _____
_____
_____
_____
_____

Envelope# 50340283



## AFFIDAVIT OF SERVICE For 20-2029-C368

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

County of _Pulaski_

Subscribed and Sworn to before me on this _27th_ day
of _Jan,_ 20_21_ by the affiant who is personally known
to me.

_____
NOTARY PUBLIC

My commission expires:
_6-2-2026_

PROCESS SERVER # _67_
Appointed in accordance with State Statutes

**MYERS ATTORNEY'S SERVICE**
**323 Center Street**
**Suite 1425**
**Little Rock, AR 72201**
**(501) 376-6266**

Our Job Serial Number: 2021000706

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1g

# C I T A T I O N  –  P E R S O N A L  S E R V I C E -  O U T  O F  S T A T E
## T H E  S T A T E  O F  T E X A S ,  C O U N T Y  O F  W I L L I A M S O N

### N O .   2 0 - 2 0 2 9 - C 3 6 8
#### 3 6 8 t h  J u d i c i a l  D i s t r i c t  C o u r t

Style of case:   **ELIZABETH COX VS. LOUIS GARASSINO AND CENTRAL HAULING COMPANY**

### * RETURN OF SERVICE (OUT OF STATE)

THE STATE OF _____          COUNTY OF _____

Before me, the undersigned authority, on this day personally appeared *(please print)*_____,
who after being by me duly sworn deposes and says that he is above twenty-one years of age, of sound mind, and in no manner
interested in the within styled and numbered cause, and competent to make oath of the facts herein stated:

*CHECK APPROPRIATE BOX(S) BELOW*:

☐ Came to hand on the _____day of _____, 20_____, at _____o'clock____.M., and executed in
_____County, State of _____,by delivering to said Defendant, to-wit:
_____at_____o'clock___M.,_____20____;
          *(manner of service)*                                                   *( time*          *and*          *date of service )*
in person, a true copy of this citation, with a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION attached thereto,
having first endorsed on such copy of said citation the date of delivery.

☐ Citation was ***NOT SERVED***.  Service was attempted on: _____, 20_____.  The diligence used to
execute service by the officer or person authorized to execute this citation was:_____
_____.

☐ Citation was ***NOT EXECUTED*** because _____.

☐ The information received as to the whereabouts of said defendant being:
_____.

---

**COMPLETE THIS SECTION ONLY IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
*In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.*

My name is _____, my date of birth is _____, and my address is
          *Please print.*    *(First, Middle, Last)*
_____ *(Street, City, Zip).*
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the _____ day of _____, 20_____.


_____                              _____
*Declarant/Authorized Process Server*                          *ID # & expiration of certification*

---

### FEE FOR SERVICE OF CITATION:   $ _____

Before me, on this day personally appeared_____, who being by me duly
sworn on his oath deposed and said that he is of sound mind, and in no manner interested in the within styled and numbered cause, and
competent to make the oath of facts herein stated, and that he has read the foregoing Return of Citation, and that every statement
contained therein is within his personal knowledge true and correct.

                              _____
                              *Signature of person who served or attempted to serve citation.*

Subscribed and sworn to before me on _____, 20_____, to certify which witness my hand and official seal.

                              _____
                              *Signature of Notary Public or other authorized to take affidavits.*

*To be used only by officer or authorized person serving this citation out of state. (The party serving this citation shall sign and swear to the above return before a notary public or other
authorized to take affidavits.)*

CITATION ISSUED BY LISA DAVID, DISTRICT CLERK, WILLIAMSON COUNTY, TEXAS,
PO BOX 24, GEORGETOWN, TEXAS 78627 (512) 943-1212

## CITATION - OUT OF STATE
## THE STATE OF TEXAS, COUNTY OF WILLIAMSON

### NO. 20-2029-C368

TO:   CENTRAL HAULING COMPANY
      BY SERVING ITS REGISTERED AGENT THOMAS W BARTHOLOMEW
      12024 INTERSTATE 30
      LITTLE ROCK AR 72209

DEFENDANT, GREETING:

YOU ARE HEREBY COMMANDED to appear before the Honorable Rick Kennon, of the 368th Judicial District Court of Williamson County, Texas, at the Williamson County Justice Center located at 405 Martin Luther King, in the City of Georgetown, Texas, by filing a written answer, at or before 10:00 a.m. on the Monday next following the expiration of twenty days after the date of service of this citation and PLAINTIFF'S ORIGINAL PETITION filed in said court on the 29th day of December, 2020 , numbered 20-2029-C368 on the docket of said court and styled:

ELIZABETH COX VS. LOUIS GARASSINO AND CENTRAL HAULING COMPANY

PLAINTIFF is represented by attorney Zachary Tritico,whose address is:   Post Office Box 1153 Bryan TX 77806

The nature of demand is as follows, to wit:

That the Court grant relief as requested in Petition.

as is more fully shown by a true and correct copy of the PLAINTIFF'S ORIGINAL PETITION accompanying this citation, and made a part hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court, on this the 12th day of January, 2021.

ADDRESS OF LEAD ATTORNEY FOR PETITIONER:
Zachary Tritico
Post Office Box 1153
Bryan TX 77806

*Lisa David, District Clerk*
PO Box 24, Georgetown, TX 78627
Williamson County, Texas
(512) 943-1212



BY:  *Julie Borrero*

Julie Borrero, Deputy

YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT FOR THE RELIEF DEMANDED IN THE PETITION MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG.

CAUSE NO. <u>20-2029-C368</u>

| | | |
|---|---|---|
| **ELIZABETH COX,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **WILLIAMSON COUNTY, TEXAS** |
| **LOUIS GARASSINO and CENTRAL** | § | |
| **HAULING COMPANY,** | § | Williamson County - 368th Judicial District Court |
| *Defendants* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THIS HONORABLE COURT:

COMES NOW Elizabeth Cox, Plaintiff, complaining of Louis Garassino and Central Hauling Company, Defendants, and would respectfully show:

<u>1. Discovery Control Plan and Rule 47 Statement</u>

1.1     Plaintiff requests that the Court conduct discovery in this matter under Level 3 of the Discovery Control Plan pursuant to Rule 190 of the Texas Rules of Civil Procedure.

1.2     Plaintiff's Request for Disclosure, Request for Admissions, Interrogatories, and Request for Production propounded to Defendants are attached to Plaintiff's Original Petition and are being served contemporaneously upon said defendants pursuant to Rules 194, 196, 197, and 198 of the Texas Rules of Civil Procedure.

1.3     Despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that a plaintiff must state how much money a plaintiff is seeking in a given suit. Plaintiff would also remind the jury that it is their duty to determine damages. Therefore, for procedural purposes only, due to the new rules put in

place in 2013 and Rule 47 of the Texas Rules of Civil Procedure, Plaintiff would note that Plaintiff seeks monetary relief over $200,000, but less than $1,000,000.

## 2. Parties

2.1     Plaintiff is a resident of Williamson County, Texas.

2.2     In accordance with Section 30.015 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that Plaintiff's address is 675 County Road 150, Apt A, Georgetown, Texas 78626.

2.3     In accordance with Section 30.014 of the Texas Civil Practice and Remedies Code, Plaintiff discloses that the last three (3) numbers of Plaintiff's driver's license number are 067 and that the last three (3) numbers of Plaintiff's Social Security number are 337.

2.4     Defendant Louis Garassino is a resident of Stewart County, Tennessee.

2.5     Defendant Louis Garassino may be served with process at 3216 Highway 79, Indian Mound, Tennessee 37079 (telephone: unknown), or wherever said defendant may be found.

2.6     Defendant Central Hauling Company is a foreign for-profit corporation doing business in the State of Texas.  Its principal place of business is in Pulaski County, Arkansas.

2.7     Defendant Central Hauling Company may be served with process via its registered agent, Thomas W. Bartholomew, 12024 Interstate 30, Little Rock, Arkansas 72209 (telephone: unknown), or wherever said agent may be found.

## 3. Jurisdiction

3.1     Plaintiff's damages are within the jurisdictional limits of this Court.

3.2    Defendant Louis Garassino was present in the State of Texas when his conduct from which this cause of action arises occurred and while conducting the business of Defendant Central Hauling Company; and therefore is subject to the jurisdiction of this Court.

3.3    Defendant Central Hauling Company does business in Texas and is subject to the jurisdiction of this Court.

## 4. Venue

4.1    All or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Williamson County, Texas.

4.2    As set forth below, Plaintiff's causes of action arise out of a vehicular collision in Williamson County, Texas wherein the negligent conduct of Defendants in Williamson County, Texas was a proximate cause of the collision and Plaintiff's damages resulting from the occurrence or injury in question.

4.3    Venue is therefore proper in Williamson County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## 5. Facts of Case

5.1    On or about July 13, 2020, at or near 5100 block of N IH 35, in Georgetown, Williamson County, Texas, a vehicle operated by Defendant Louis Garassino and owned by Defendant Central Hauling Company collided with a vehicle operated by Plaintiff.

5.2    At all times material to the events of this lawsuit Defendant Louis Garassino controlled, utilized, maintained, and operated vehicles in conduct of Defendant Central Hauling Company's business.  Defendant Louis Garassino was in the course and

scope of his employment with Defendant Central Hauling Company when he was involved in a collision with a vehicle being operated by Plaintiff. That collision and the injuries sustained by Plaintiff as a result of that collision provide the basis of this lawsuit.

5.3     Defendant Louis Garassino's failure to use ordinary care in the operation of Defendants' vehicle was a proximate cause of this wreck and Plaintiff's resulting injury.

5.4     Defendant Central Hauling Company's failure to use ordinary care and ensure Defendant Louis Garassino was a safe and competent driver was also a proximate cause of this wreck and Plaintiff's resulting injury.

### 6. Causes of Action

6.1     Plaintiff bases Plaintiff's causes of action in part upon negligence or negligence per se as these terms are defined under the common law and statutes of Texas and the doctrines of *respondeat superior* and *res ipsa loquitur* are invoked where applicable.

6.2     Plaintiff would show that the conduct of Defendants, as set forth herein and otherwise, constituted negligence by act or omission, each and all of which was a proximate cause of the occurrence or injury in question and Plaintiff's damages resulting from the occurrence or injury in question.

6.3     Defendant Central Hauling Company is vicariously liable for the actions of Defendant Louis Garassino and for Plaintiff's injuries and damages under the legal theory of *respondeat superior* as that term is defined and understood pursuant to Texas law.

6.4     All conditions precedent to the filing of this lawsuit and bringing said causes of action have been performed or have occurred.

## 7. Damages

7.1     Plaintiff has suffered damages in the past as well as in the future.

7.2     These damages, past and future, include those damages resulting to Plaintiff, conditioned as Plaintiff was at the time of the occurrence in question, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

7.3     These damages, past and future, include physical pain, mental anguish, loss of earnings or earning capacity, disfigurement, physical and mental impairment, and reasonable expenses for necessary health care, including rehabilitative services and devices, resulting from the injuries sustained in the occurrence in question.

7.4     These damages include any subsequent aggravation of the injuries sustained in the occurrence in question.

## 8. Prayer for Relief

8.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants for all damages to which Plaintiff is entitled by law, prejudgment as well as postjudgment interest, costs of court, and such other and further relief, general and special, legal and equitable, to which Plaintiff is justly entitled.

## 9. Rule 193.7 Notice to Defendants

9.1     TO DEFENDANTS:  Plaintiff hereby notifies you, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, that Plaintiff currently intends to use all items produced by you in this litigation at any pretrial proceeding or trial.

### 10. Rule 609(f) Request to Defendants

10.1   TO DEFENDANTS:   Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff hereby requests, in regard to any witnesses that shall be named by any party as a person with knowledge of relevant facts, or as a testifying expert, that you give Plaintiff sufficient advance written notice of your intent to use evidence of a conviction of any such witness.

Respectfully submitted,
Daniel Stark, P.C.

BY:_____

Zachary J. Tritico
State Bar No. 24101152
ztritico@danielstarklaw.com
Post Office Box 1153
Bryan, Texas 77806
(979) 846-8686 (tel.)
(979) 764-8002 (fax)
ATTORNEY FOR PLAINTIFF

## WILLIAMSON COUNTY LOCAL RULES

### C. PRE-TRIAL PROCEDURES

C-2 SCHEDULING. At the time of filing in each non-family civil case, the Clerk will provide the plaintiff a copy of the following rules relating to pre-trial scheduling to be served with the petition.  They are as follows:

a) Any additional parties to be joined within 90 days from the date answered filed.

b) Plaintiff's expert witnesses to be designated within 120 days from the date answer is filed. Defendant's expert witnesses shall be designated within 150 days from the date answer is filed.

c) Discovery shall be completed within 180 days from the date answer is filed.

d) Motions for summary judgment to be filed within 210 days from the date answer is filed.

e) A settlement conference must be held with the two parties present within 250 days from the date of answer.

f) A pre-trial statement setting forth unresolved issues, proposed jury charges, and stipulations and all matters to be considered in Rule 166 pre-trial conference shall be filed no later than 270 days from the date of answer.  If the parties are unable to agree on a joint pre-trial statement then separate submission is required.

*NOTE A copy of this rule will be attached to citations issued by the Clerk.

CAUSE NO. 20-2029-C368

| | | |
|---|---|---|
| **ELIZABETH COX,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **WILLIAMSON COUNTY, TEXAS** |
| | § | |
| **LOUIS GARASSINO and CENTRAL** | § | |
| **HAULING COMPANY** | § | |
| *Defendants* | § | **368TH JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT CENTRAL HAULING COMPANY

TO:    Defendant CENTRAL HAULING COMPANY:

Plaintiff hereby requests, pursuant to the provisions of Rule 198 of the Texas Rules of Civil Procedure, that you admit the truth of the following enumerated matters within fifty (50) days after service of these requests for admission in order to simplify the issues for consideration by the Court. You are reminded that lack of information or knowledge is not a proper response unless you have made a reasonable inquiry. If you fail to admit the truth of any matter and Plaintiffs thereafter prove the truth of the matter, you are warned that you may be required to pay the reasonable expenses incurred in making that proof pursuant to Rule 215 of the Texas Rules of Civil Procedure.

Respectfully submitted,
**Daniel Stark P.C.**

BY:_____
Zachary Tritico
State Bar No. 24101152
ztritico@danielstarklaw.com
Daniel Stark, P.C.
Post Office Box 1153
Bryan, TX 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
**ATTORNEY FOR PLAINTIFF**

## REQUESTED ADMISSIONS

1.    Do you admit or deny that on July 13, 2020, you owned the 2014 International Pick-Up driven by Defendant Louis Garassino that was involved in the collision at issue?

RESPONSE:

2.    Do you admit or deny that Defendant Louis Garassino was acting in the course and scope of his employment with Defendant Louis Garassino at the time of the collision?

RESPONSE:

3.    Do you admit or deny that on July 13, 2020 one or more 2014 International Pick-Up's were regularly used within the course of your business?

RESPONSE:

4.    Do you admit or deny that Defendant Louis Garassino was an employee of Defendant Central Hauling Company on July 13, 2020?

RESPONSE:

5.    Do you admit or deny that Defendant Louis Garassino was a driver for Defendant Central Hauling Company on July 13, 2020?

RESPONSE:

6.    Do you admit or deny that on July 13, 2020, the 2014 International Pick-Up was available for use by Defendant Louis Garassino?

RESPONSE:

7.    Do you admit or deny that you gave Defendant Louis Garassino permission to drive the 2014 International Pick-Up on July 13, 2020?

RESPONSE:

8.    Do you admit or deny that prior to the collision at issue, you had knowledge that Defendant Louis Garassino would be driving a vehicle owned by you on July 13, 2020?

RESPONSE:

9.      Do you admit or deny that you did not report the 2014 International Pick-Up missing or stolen?

RESPONSE:

10.     Do you admit or deny that on July 13, 2020, Defendant Louis Garassino operated a vehicle owned by you?

RESPONSE:

11.     Do you admit or deny that on and before the date of the collision, you failed to ensure that Defendant Louis Garassino was a safe and competent driver?

RESPONSE:

12.     Do you admit or deny that, prior to June 23, 2015, you knew Defendant Louis Garassino had a driving record that reflected past offense(s)?

RESPONSE:

13.     Do you admit or deny that you or your liability insurance carrier received written notice of the claims made the basis of the above styled lawsuit on or about July 13, 2020?

RESPONSE:

14.     Do you admit or deny that following the collision at issue, you investigated the damage and other potential issues with the 2014 International Pick-Up?

RESPONSE:

15.     Do you admit or deny that you placed the 2014 International Pick-Up back in service after the collision at issue?

RESPONSE:

16.     Do you admit or deny that you made repairs or alterations to the 2014 International Pick-Up before placing same back in service?

RESPONSE:

17.     Do you admit or deny that you took pictures of either the interior or exterior of the 2014 International Pick-Up following the collision at issue?

RESPONSE:

18.     Do you admit or deny that you conducted an investigation of the causes of the collision at issue?

RESPONSE:

19.     Do you admit or deny that you or someone on your behalf prepared a report detailing the causes of the collision at issue?

RESPONSE:

20.     Do you admit or deny that Defendant Louis Garassino was not disciplined or reprimanded as a result of the collision at issue?

RESPONSE:

21.     Do you admit or deny that Defendant Louis Garassino's pay was not reduced as a result of the collision at issue?

RESPONSE:

22.     Do you admit or deny Defendant Louis Garassino's pay is based, in part, on the mileage driven?

RESPONSE:

23.     Do you admit or deny that Defendant Louis Garassino was not given any warning, either verbal or written, as a result of the collision at issue?

RESPONSE:

24.     Do you admit or deny that Defendant Louis Garassino was not terminated as a result of the collision at issue?

RESPONSE:

25.     Do you admit or deny that you did not conduct a background check before hiring
        Defendant Louis Garassino?

RESPONSE:

26.     Do you admit or deny that you did not check Defendant Louis Garassino's driving
        record before hiring him?

RESPONSE:

27.     Do you admit or deny that you did not check Defendant Louis Garassino's
        criminal background before hiring him?

RESPONSE:

28.     Do you admit or deny that Defendant Louis Garassino held a valid commercial
        driver's license at the time of the incident in question?

RESPONSE:

28.     Do you admit or deny that Plaintiff's injuries are related to the wreck in question?

RESPONSE:

29.     Do you admit or deny that you believe that Plaintiff was injured as a result of the
        motor vehicle collision which forms the basis of this lawsuit?

RESPONSE:

30.     Do you admit or deny that you believe Plaintiff **could** have been injured as a
        result of the motor vehicle collision which forms the basis of this lawsuit?

RESPONSE:

31.     Do you admit or deny that you believe it was appropriate for Plaintiff to seek
        medical care as a result of the motor vehicle collision which forms the basis of
        this lawsuit?

RESPONSE:

32.   Do you admit or deny that any employees of Defendant Central Hauling Company gave a written or recorded statement relating to the collision at issue before the filing of this lawsuit?

RESPONSE:

33.   Do you admit or deny that an incident or accident report, or similar document relating to the wreck in question, was prepared by you or on your behalf before the filing of this lawsuit?

RESPONSE:

34.   Do you admit or deny that you have a consulting expert whose mental impressions or opinions have been reviewed by a testifying expert?

RESPONSE:

35.   Do you admit or deny that your truck had no defects or mechanical problems that caused or contributed to the collision at issue?

RESPONSE:

36.   Do you admit or deny that drivers must keep a lookout for other vehicles to keep people safe?

RESPONSE:

37.   Do you admit or deny that there are rules that control the flow of traffic in the state of Texas?

RESPONSE:

38.   Do you admit or deny that the rules that control the flow of traffic in the state of Texas are meant to keep people safe?

RESPONSE:

39.   Do you admit or deny that a driver is never allowed to needlessly endanger the community?

RESPONSE:

40.     Do you admit or deny that a driver who causes a wreck is responsible for any resulting injuries?

RESPONSE:

41.     Do you admit or deny that Defendant Louis Garassino called his supervisor, boss, or another employee at Defendant Central Hauling Company from the scene of the collision?

RESPONSE:

42.     Do you admit or deny that any company representative[1] came to the scene of the accident?

RESPONSE:

43.     Do you admit or deny that a company representative[2] removed items from the truck at the scene of the accident?

RESPONSE:

44.     Do you admit or deny that a company representative[3] spoke with law enforcement officers at the scene of the accident?

RESPONSE:

45.     Do you admit or deny that a company representative[4] spoke with Defendant Louis Garassino at the scene of the accident?

RESPONSE:

46.     Do you admit or deny that a company representative took pictures at the scene of the collision?

RESPONSE:

47.     Do you admit or deny that Defendant Louis Garassino's truck contained a driver's logbook?

RESPONSE:

---

[1] "Representative" includes employees, supervisors, owners, or investigators.

[2] "Representative" includes employees, supervisors, owners, or investigators.

[3] "Representative" includes employees, supervisors, owners, or investigators.

[4] "Representative" includes employees, supervisors, owners, or investigators.

48.    Do you admit or deny that under your company protocol, it is mandatory for all your drivers of commercial vehicles to maintain a driver's logbook?

RESPONSE:


49.    Do you admit or deny that Defendant Louis Garassino's truck contained a inspection logbook?

RESPONSE:

50.    Do you admit or deny that under your company protocol, it is mandatory for all your drivers of commercial vehicles to maintain a driver's logbook?

RESPONSE:

51.    Do you admit or deny that Defendant Louis Garassino completed a pre-trip inspection before embarking on the July 13, 2020, trip at issue?

RESPONSE:

52.    Do you admit or deny that it is part of your company protocol for drivers to complete a pre-trip inspection before embarking on a trip?

RESPONSE:

53.    Do you admit or deny that the vehicle in question carried a "blackbox" or any other mechanism to record driving and/collision records?

RESPONSE:

54.    Do you admit or deny that you have downloaded any kind of trip data from the vehicle in question, including "blackbox" or GPS data, regarding the date of the incident in question?

RESPONSE:

55.    Do you admit or deny that the vehicle driven by Defendant Louis Garrasino at the time of the incident in question was not in compliance with all applicable Department of Transportation requirements for commercial vehicles?

RESPONSE:

56.    Do you admit or deny that you were responsible for the maintenance of the 2014 International Pick-Up on the date of the incident in question?

RESPONSE:

57.     Do you admit or deny that you are an "employer" as defined by FMCSA section 390.5?

RESPONSE:

58.     Do you admit or deny that you are a "motor carrier" as defined by FMCSA section 390.5?

RESPONSE:

59.     Do you admit or deny that, prior to the incident in question, you verified that Defendant Louis Garassino was at least 21 years old?

RESPONSE:

60.     Do you admit or deny that, prior to the incident in question, you verified that Defendant Louis Garassino could read and speak the English language sufficiently to converse with the general public, to understand highway traffic signs and signals in the English language, and was able to respond to official inquiries and make entries on records and reports in English?

RESPONSE:

61.     Do you admit or deny that, prior to the incident in question, you ensured that Defendant Louis Garassino could, by reason of experience, training, or both, safely operate the type of commercial motor vehicle he was driving at the time of the wreck in question?

RESPONSE:

62.     Do you admit or deny that, prior to the incident in question, you ensured that Defendant Louis Garassino was physically qualified to drive a commercial motor vehicle in accordance with FMCSA?

RESPONSE:

63.     Do you admit or deny that, prior to the incident in question, you verified that Defendant Louis Garassino had prepared and furnished you with a list of violations or the certificate as required by FMCSA section 391.27?

RESPONSE:

64.    Do you admit or deny that, prior to the incident in question, you ensured that Defendant Louis Garassinio was not disqualified to drive a commercial motor vehicle under FMCSA section 391.15?

RESPONSE:

65.    Do you admit or deny that, prior to the incident in question, you ensured that Defendant Louis Garassino had successfully completed a driver's road test or has been issued a certificate of driver's road test in accordance with FMCSA section 391.31?

RESPONSE:

66.    Do you admit or deny that, prior to the incident in question, you ensured that Defendant Louis Garassino did not have any disqualifying offenses on his/her record as defined by FMCSA section 391.15(2)(C)(iv)?

RESPONSE:

67.    Do you admit or deny that you maintained a driver investigation file on Defendant Louis Garassino, as required by FMCSA section 391.21?

RESPONSE:

68.    Do you admit or deny that you maintained a driver investigation history file on Defendant Louis Garassino, as required by FMCSA sections 391.23 (d) and (e)?

RESPONSE:

CAUSE NO. 20-2029-C368

| | | |
|---|---|---|
| **ELIZABETH COX,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **WILLIAMSON COUNTY, TEXAS** |
| | § | |
| **LOUIS GARASSINO and CENTRAL** | § | |
| **HAULING COMPANY,** | § | |
| *Defendants* | § | **368TH JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT CENTRAL HAULING COMPANY

TO:   Defendant CENTRAL HAULIGN COMPANY:

Plaintiff hereby requests, pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, that you serve a written response to this Request for Production and that you thereafter produce the requested documents within your possession, custody, or control by delivering the originals of these documents to the offices of Daniel Stark, P.C., Bryan, Texas. You are requested to serve a written response within fifty (50) days after service of this Request for Production and to produce these documents within one (1) day thereafter. Electronically stored information (including electronic or magnetic data) should be produced in its native format. Moreover, you are requested to either produce these documents as they are kept in the usual course of business or to organize and label these documents to correspond with the categories in this Request. *See* TEX. R. CIV. P. 196.3(c); *Texaco, Inc. v. Dominguez,* 812 S.W.2d 451, 457 (Tex. App.—San Antonio 1991, no writ). You are further advised, pursuant to the provisions of Rule 193.7 of the Texas Rules of Civil Procedure, that the documents you produce will actually be used in trial as well as in all further pre-trial proceedings.

Respectfully submitted,
**Daniel Stark P.C.**

BY:_____

Zachary Tritico
State Bar No. 24101152
ztritico@danielstarklaw.com
Daniel Stark, P.C.
Post Office Box 1153
Bryan, TX 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
**ATTORNEY FOR PLAINTIFF**

## REQUESTED ITEMS:

1.   All documents, tangible things, and electronically stored information (including electronic or magnetic data) relating to the incident in question. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 430-31 (Tex. 1996) (declining to hold such a request as overly broad, when the incident is an isolated occurrence, because "we think a reasonable person would understand from the request what documents fit the description"); *see also* TEX. R. CIV. P. 190.2(b)(6) (explicitly allowing a similar discovery request).

2.   Any company manuals, handbooks, driver's manuals, company-issued rules and regulations, directives, or notices in effect at the time the accident occurred utilized by you regarding your employees work, driving activities, job performance, discipline, pickup, and delivery of cargo.

3.   Any documents, printouts, or downloads of any GPS, satellite, land-based, or other tracking or positioning system related to your vehicle involved in the incident in question for the six month time period preceding the incident in question through present.

4.   All settlement agreements reached with any other person/entity related to the incident in question.

5.   All documents which support or evidence your contention as to the earliest date upon which you reasonably anticipated litigation on this claim.

6.   All 911 recordings or transcripts regarding this claim.

7.   All documents and correspondence between you, or your insurance carrier, and Plaintiff's medical providers.

8.   All documents and correspondence between you, or your insurance carrier, and Plaintiff's employers.

9.   Any and all police reports and other governmental reports or records concerning this claim and/or Plaintiff.

10.   All photographs, video recordings, audio recordings, films, animations, simulations, sketches, drawings, diagrams, illustrations, maps, charts, graphs, models, and other visual or electronic images of:

(a)   the underlying facts;
(b)   the scene of the incident in question;
(c)   the incident in question;
(d)   how the incident in question occurred;
(e)   the damages sustained by anyone as a result of the incident in question;

   (f)  the plaintiff;
   (g)  anyone involved in the incident in question;
   (h)  all property damaged or involved in the incident in question; and/or
   (i)  concerning any issue raised by the pleadings of the parties.

11. All documents, tangible things, and electronically stored information (including electronic or magnetic data) evidencing the fair market value of property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

12. All documents, tangible things, and electronically stored information (including electronic or magnetic data) evidencing the cost to repair property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

13. All documents, tangible things, and electronically stored information (including electronic or magnetic data) evidencing the replacement cost of all property which was or is alleged to have been damaged or destroyed as a result of the occurrence which forms the basis of this lawsuit.

14. All medical, employment, and insurance records regarding Plaintiff that you have obtained through any subpoena or any deposition.

15. Please produce all records of any convictions of Plaintiff and any person with knowledge of relevant facts.

16. All documents, tangible things, and electronically stored information (including electronic or magnetic data) which form the basis of any contention that any plaintiff in this lawsuit was negligent or otherwise caused or contributed to the wreck which forms the basis of this lawsuit.

17. Records of any and all monies paid by you or on your behalf to Plaintiff as a result of the occurrence in question.

18. The first written notice of this claim received by you or your insurance carrier.

19. All documents signed by Plaintiff.

20. All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute or contain accounts of the accident in question which have been submitted to any government agency, including communications in the nature of accident reports.

21. All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute or contain your account of the incident in question (including the account of your driver, if different than you), which

you/he prepared or gave to anyone prior to the filing of this lawsuit, including items in the nature of incident reports, interviews with insurance adjusters, and email reporting the incident in question. *See* TEX. R. CIV. P. 192.5(c)(1).

22.     All documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting warnings or instructions, which relate to the claims or defenses in this lawsuit, that you contend were available to any driver prior to the incident in question.

23.     All statutes, regulations, and government safety standards which relate to the claims or defenses in this lawsuit.

24.     Copies of any and all documents relating to any investigation, citation or compliance review of Defendant Louis Garassino conducted by the Department of Transportation or any other governmental agency, insurance company or private consultant.

25.     Copies of any and all accident reports for accidents in which the vehicle involved in the collision made the basis of this suit were involved including the accident serving as the basis of this lawsuit.

26.     All documents and electronically stored information (including electronic or magnetic data) from any electronic on-board recorder, event data recorder, sensing and diagnostic module, electronic control module or unit, or similar on-board activity recording computer for any vehicle involved in the incident in question, including information related to speeds, distances, braking, time, defensive driving maneuvers, routes, hours in service, and other "black box" data, as well as the actual devices themselves.

27.     All documents, tangible things, and electronically stored information (including electronic or magnetic data) recording the business and personal use by anyone, during the six (6) months prior to the incident in question, of a vehicle operated by anyone in the incident in question, including mileage records required by the Internal Revenue Service.

28.     All documents and electronically stored information (including electronic or magnetic data) recording the use, on the day of the incident in question, of any mobile telephone or electronic device, which was in any driver's or occupant's physical possession at the time of the incident in question.

29.     All documents constituting or containing an insurer's reservation of rights or denial of insurance coverage for any of the claims or damages alleged in this lawsuit against anyone, including those documents constituting a "reservation of rights" letter or a "non-waiver agreement."

30. Any petition or complaint filed in any declaratory judgment action in which you are a party and which relate to insurance coverage or indemnity for any claims arising out of the incident in question.

31. Any petition or complaint filed in any lawsuit in which you are a party, other than this lawsuit, that arises out of the incident in question.

32. For each lawsuit filed against you alleging a bodily injury or death occurring during the five (5) years prior to the incident in question or since the incident in question, and which allegedly resulted in whole or in part from a motor-vehicle incident (including with a pedestrian), the documents and electronically stored information (including electronic or magnetic data) constituting:

    (a)   the last complaint, petition, or pleading filed against you in the lawsuit;

    (b)   your last answer or responsive pleading filed in the lawsuit; and

    (c)   the sworn oral testimony given by you or any of your past or present employees during any court proceeding or deposition in the lawsuit along with any exhibits referenced therein.

33. All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute, contain, record, or reflect any changes which have been made or measures which have been taken by you since the incident in question, which may make similar incidents less likely to occur in the future, including video recordings, photographs, drawings, memos, correspondence, work orders, invoices, new warnings or instructions, as well as new safety rules, policies, and procedures.

34. Copies of any audits, inspections, surveys, or statistics of Defendant Louis Garassino's driver safety policy, procedure, or practice by any insurer's private consultants or government entities.

35. All documents and electronically stored information (including electronic or magnetic data) that constitute, contain, record, or reflect anything in the nature of a joint defense agreement between you and any other party in this lawsuit.

36. With respect to any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert:

    (a)   those documents reasonably necessary to determine the consulting expert's name, address, and telephone number;
    (b)   the consulting expert's current resume and bibliography;
    (c)   all documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting the consulting expert's mental impressions and opinions formed

          or made in connection with this case, and any methods used to derive them;

  (d)    all documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting the facts known by the consulting expert that relate to or form the basis of the consulting expert's mental impressions and opinions formed or made in connection with this case; and

  (e)    all documents, tangible things, electronically stored information (including electronic or magnetic data), reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert in anticipation of the testifying expert's testimony.

37.    Copies of any and all NTSB, DOT, or ICC investigative reports and OSHA 200 forms from five years before the date of the accident to the present.

38.    The title to any vehicle driven by any defendant, as well as to any items towed by said vehicles.

39.    All documents, records, notations, memoranda, and electronically stored information (including electronic or magnetic data) relating to the repair and/or maintenance of the truck at issue for the period of one (1) year before and after the wreck in question.

40.    All documents, records, reports, notations, electronically stored information (including electronic or magnetic data), and other items relating to any insurance claims, including property damage claims or worker's compensation claims, made by you as a result of this incident.

41.    All newspaper articles, television reports, or internet reports or articles that reference the wreck in question.

42.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) identified by you in any discovery answers.

43.    All documents, tangible things, and electronically stored information (including electronic or magnetic data) referred to by any defendant, or witness for a defendant, in a deposition.

44.    All social media posts made by you from twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

45.    All social media posts made by any defendant related to the wreck in question or any plaintiff.

46.    All blog posts made by you twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

47.  All blog posts made by any defendant related to the wreck in question or any plaintiff.

48.  All emails sent by you twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

49.  All communications, electronic or otherwise, sent by you or sent to you, related to the wreck in question or any plaintiff (this request does not seek communications with your lawyers).

50.  All communications, electronic or otherwise, referring or relating to your physical or mental condition from twenty-four (24) hours before the wreck in question to twenty-four (24) hours thereafter.

51.  Any documents, tangible things, and electronically stored information (including electronic or magnetic data) that supports your damages model supplied in your Disclosure 194.2(d).

52.  Copies of any and all company policies regarding drug testing of a driver following a collision or accident.

53.  Any and all documents reflecting training conducted by Defendant Central Hauling Company or its agents, representatives or employees, to include but not limited the training, if any, Defendant Louis Garassino received on the proper and safe inspection, maintenance, and operation of the 2014 International Pick-Up.

54.  Any documents, tangible things, and electronically stored information (including electronic or magnetic data) supporting any denial of Plaintiff's Request for Admissions.

55.  Any documents, tangible things, and electronically stored information (including electronic or magnetic data) upon which you base your affirmative or inferential rebuttal defenses found in your Original Answer.

56.  Non-privileged portions of any insurance claims file prepared prior to the date on which you contend you reasonably anticipated litigation on this claim.

57.  A copy of all Southwest Index Bureau a/k/a SWIB reports regarding this claim or Plaintiff.

58.  All reports generated for Defendant by COLOSSUS 5.10 ASSESSMENT FOR GENERAL DAMAGES, or any other version of COLOSSUS, MITCHELL MEDICAL, NORTH AMERICAN CONSULTANTS, or other medical review of medical bills or records audits of any kind, including but not limited to CONCENTRA or CORVELL reports or audits of any kind, prepared in the ordinary course of business or prior to the

anticipation of litigation, pertaining to the wreck or Plaintiff's injuries, medical treatment, or medical bills.

59.     Defendant Louis Garassino's employee file, including but not limited to employment records such as performance reviews, results of pre-employment background or credit checks, any drug test results, disciplinary records, driver's record, and complaints.

60.     Copies of any and all of Defendant Central Hauling Company's policies, procedures, and programs concerning:

        a.     Driver and Fleet Safety;
        b.     Vehicle maintenance standards, including the standards for the parts used to maintain and repair equipment;
        c.     Driver standards;
        d.     Mechanic standards;
        e.     Dispatcher standards;
        f.     Driver compensation;
        g.     Hiring and firing drivers;
        h.     Training drivers;
        i.     Monitoring drivers; and
        j.     Termination and discipline of drivers and / or employees

61.     Employee timesheets for Defendant Louis Garassino for one month preceding the incident in question, and including the date of the incident.

62.     Any documents or records that would show Defendant Louis Garassino drove any vehicle owned by Defendant Central Hauling Company on the date of the incident in question.

63.     The inspection logbook for the truck involved in the collision at issue, for one year preceding the incident in question and including the date of the incident.

64.     The driver's logbook for Defendant Louis Garassino for one month preceding the incident in question and including the date of the incident.

65.     The contents of the involved truck's cabin on the date of the incident in question. This should include the contents taken from the scene or any time afterwards, as well as all pictures of same.

66.     Defendant Louis Garassino's mileage and fuel records for one month preceding the incident in question, and including the date of the incident.

67.     The mileage and fuel records of the truck at issue over the six month preceding the incident in question.

68.   Documentation from any pre-trip inspections that were done on the truck involved in the collision at issue for one month preceding the incident in question, and including the date of the incident.

69.   Documentation from any post-trip inspections that were done on the truck involved in the collision at issue for one month preceding the incident in question, and including the date of the incident, or after this timeframe, if the inspection(s) were done as a result of the collision at issue.

70.   Documentation from any during-trip inspections that were done on the truck involved in the collision at issue for one month preceding the incident in question, and including the date of the incident.

71.   Any reports that were prepared for one month preceding the incident in question, and including the date of the incident, regarding the condition of the truck involved in the collision at issue.

72.   Documents showing the weight of the 2014 International Pick-Up involved in the collision at issue on the date of the incident.

73.   Documents detailing, listing, or stating the cargo of the truck involved in the collision at issue on the date of the incident in question, including but not limited to inventory checklists, contracts, receipts, or order forms.

74.   Documents listing the contents of the cabin of the truck involved in the collision at issue, on the date in question.

75.   Documents showing Defendant Louis Garassino's destination on the date of the incident in question.

76.   Copies of all correspondence between Defendant Louis Garassino and anyone working at Defendant Central Hauling Company from the date of the incident, to present, including emails, text messages, letters, and voice messages, regarding Defendant Louis Garassino's fitness as a driver.

77.   The results of any drug or alcohol tests administered on Defendant Louis Garassino from their date of hire to present.

78.   Defendant Louis Garassino's medical and billing records for any medical treatment received from his date of hiring to present.

79.   Any written warnings issued by you to Defendant Louis Garassino both before and after the collision at issue.

80.     Complete and clearly readable copies of all receipts for any trip expenses or purchases made by Defendant Louis Garassino on the date of the accident regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, and all otherwise described receipts regardless of the type of objects or services purchased.

81.     Complete and clearly readable copies of the Driver Qualification File maintained by Defendant Central Hauling Company on Defendant Louis Garassino along with any other documents contained therein.  Please refer to the following sub-Definitions "A-1 through A-13" herein and follow them closely:

A-1. Any pre-employment questionnaires or other documents secured from Defendant Louis Garassino prior to employment.

A-2.  Any and all completed applications for employment secured both before and/or after the actual date of contract or employment of Defendant Louis Garassino.

A-3. All medical examinations, drug tests and certification of medical examinations inclusive of expired and non-expired documents regarding Defendant Louis Garassino.

A-4. Any and all of Defendant Larry Garassino's annual violation statements.

A-5. All actual driver's motor carrier road tests administered to Defendant Louis Garassino.

A-6. All actual driver's motor carrier written tests administered to Defendant Louis Garassino.

A-7. All road and written test certificates issued to Defendant Louis Garassino by you or any other motor carrier or organization of which you are in possession regardless of the date issued or the originator of such certificates.

A-8. All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U. S. mail, personal contact or telephone inquiries and results directed to or received by you from past employers of Defendant Louis Garassino.

A-9. All inquiries to and answers received from any organization in reference to the driver's record of traffic violations and accidents directed to and/or received by any Defendant, or other organizations on behalf of defendants, from state or federal governmental agencies, or other organizations, relative to Defendant Louis Garassino's traffic and accident record.

A-10. Copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of any of the Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to Defendant Louis Garassino.

A-11. All annual reviews, file reviews or file summaries and related documents found in the Defendant's driver qualification file of Defendant Louis Garassino.

A-12. All documents relative to any drug testing of Defendant Louis Garassino.

A-13. Applications for employment, owner/operator or other types of contracts, agreements, payroll or money advanced records, attendance records, computer generated documents and any other summary type document regardless of subject, description or form relative to Defendant Louis Garassino or the services performed by Defendant Louis Garassino.

A-14. Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to Defendant Louis Garassino.

A-15. Prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to Defendant Louis Garassino.

A-16. FOMCSFO or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of any of the defendant's file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by Defendant Louis Garassino.

A-17. Any and all other contents of Defendant Louis Garassino's driver qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

82.   Complete and clearly readable copies of any and all your officers', executives' or administrators' notices, directives, bulletins, publications and manuals of any type or otherwise described written instructions referring to the day-to-day motor carrier operating and safety procedures to be followed by your company personnel, managers, supervisors, dispatchers and drivers. Specifically, any document relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure to comply with the FMCSR in existence and effective at Defendant Central Hauling Company on the date of the accident.

83.     Defendant Louis Garassino driving record if in the possession of Defendant Central Hauling Company.

84.     Any records or documentation (medical or non-medical) which would indicate that Defendant Louis Garassino had alcohol and/or drugs (including prescription or non-prescription, legal or illegal) in his bloodstream or urine at the time or immediately following the Collision in Question.

85.     Any records or documentation (medical or non-medical) which would indicate that Defendant Louis Garassino was a user of marijuana within one (1) year preceding the Collision in Question.

86.     Any records or documentation (medical or non-medical) which would indicate that Defendant Louis Garassino was a user of any illegal substance within one (1) year preceding the Collision in Question.

87.     Any driver investigation history files in your possession regarding Defendant Louis Garassino.

CAUSE NO. 20-2029-C368

| | | |
|---|---|---|
| **ELIZABETH COX,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **WILLIAMSON COUNTY, TEXAS** |
| | § | |
| **LOUIS GARASSINO and CENTRAL** | § | |
| **HAULING COMPANY,** | § | |
| *Defendants* | § | **368TH JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT CENTRAL HAULING COMPANY

TO:   Defendant CENTRAL HAULING COMPANY:

Plaintiff hereby requests, pursuant to the provisions of Rule 197 of the Texas Rules of Civil Procedure, that you serve complete written answers to the following Interrogatories within fifty (50) days after service of these Interrogatories. Your answers should include all responsive information reasonably available to you or within the possession, custody, or control of your employees, agents, or attorneys. *See* TEX. R. CIV. P. 193.1 ("When responding to written discovery, a party must make a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made.").

Respectfully submitted,
**Daniel Stark P.C.**

BY:_____
Zachary Tritico
State Bar No. 24101152
ztritico@danielstarklaw.com
Daniel Stark, P.C.
Post Office Box 1153
Bryan, TX 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
**ATTORNEY FOR PLAINTIFF**

## INTERROGATORIES

**Interrogatory No. 1:**
Please identify your full correct business name as registered including when the partnership was licensed to do business in the State of Texas, the address of your principal office in Texas, the names and addresses of each partner whether general or limited, your Department of Transportation Number, and all prior business names.

**Answer:**


**Interrogatory No. 2:**
Please provide the name(s) and title(s) of the person(s) answering these interrogatories.

**Answer:**


**Interrogatory No. 3:**
Identify any person who has assisted you in answering these interrogatories.

**Answer:**


**Interrogatory No. 4:**
Describe any information you have indicating or any reason you have to believe that there was a defect or failure on the part of any vehicle or equipment involved in the incident in question.

**Answer:**


**Interrogatory No. 5:**
Describe any information you have indicating, or any reason you have to believe, that there was any defect in the road or in the marking and signing on that road that caused or contributed to cause the incident in question.

**Answer:**


**Interrogatory No. 6:**
Describe any information you have that leads you to believe or upon which you base any contention that weather or any weather condition was a factor or contributed to this incident in any way.

**Answer:**

**Interrogatory No. 7:**
Give the date of the last inspection of your vehicle to comply with the state inspection requirements, and give the name of the inspection station that conducted such inspection.

**Answer:**


**Interrogatory No. 8:**
Please state the location of your driver's departure point and destination at the time of the incident which forms the basis of this suit.

**Answer:**


**Interrogatory No. 9:**
Identify the manufacturer, model, year model, and VIN number of the Tractor Trailer involved in the incident in question.

**Answer:**


**Interrogatory No. 10:**
Identify each and every witness to this incident.  Include each person's full name, address and telephone number.

**Answer:**


**Interrogatory No. 11:**
If you contend in Defendant's Original Answer, or any amended or supplemental Answers, that you are not liable in the capacity in which you have been sued or that you are not a proper party to this lawsuit, please state every fact relied upon you to support that contention.

**Answer:**

**Interrogatory No. 12:**
List by date and topic all driving courses, classes and other training provided to your driver related to hazard recognition, accident avoidance, or defensive driving from the time he became a driver for you through the date of the incident in question.

**Answer:**


**Interrogatory No. 13:**
With regard to any investigation conducted by you into this incident which forms the subject matter of this litigation, please state the following:

a)  Whether it was your regular course of business to conduct an investigation into an incident of this sort, whether litigation was anticipated or not;
b)  Identify every person involved in the investigation;
c)  For each person involved in the investigation, describe the acts of that person which constitute investigation or which relate to the investigation, and state the date of each such act;
d)  Identify any documents which refer or relate to the investigation.
e)  State the results, findings or conclusions of said investigation; and
f)  If you contend that any of the information sought in this interrogatory is privileged, for each such privilege claimed, please specifically state all facts which support your claim of privilege, and identify any documents which support that claim of privilege.

**Answer:**

**Interrogatory No. 14:**
Please identify all documents and tangible things that relate to any claim or defense in this action.

**Answer:**

**Interrogatory No. 15:**
Please identify the individual(s) and/or entity responsible for dispatching decisions on the date in question.

**Answer:**

**Interrogatory No. 16:**
Please identify when you first became aware of the potential for litigation, stemming from the events forming the basis of this lawsuit.

**Answer:**

**Interrogatory No. 17:**
Please identify all instances where Defendant Louis Garassino was placed out of service for FMCSR safety regulation violations.

**Answer:**

**Interrogatory No. 18:**
Please describe in detail your pre-employment screening process for new drivers, and the steps you took to ensure Defendant Louis Garassino was eligible for hire, including Defendant Louis Garassino road test, who conducted it, and what the results were.

**Answer:**

**Interrogatory No. 19:**
Please describe in detail the dispatch procedure regarding your drivers, and the process used determine each driver's respective route, load, and daily/weekly drive time.

**Answer:**

**Interrogatory No. 20:**
Please identify all owners of the tractor trailer at issue, and whether or not any signage was posted on the vehicle to indicate ownership of same.

**Answer:**

**Interrogatory No. 21:**
Please identify all steps taken by you to promote safe driving and adherence to the Federal Motor Carrier Safety Regulations by your drivers.

**Answer:**

**Interrogatory No. 22:**
Please identify your driver safety policies, whether written or oral. Include in your answer all policies regarding driver discipline for violation(s) of motor carrier safety regulations.

**Answer:**

**Interrogatory No. 23:**
Please identify how you enforced each policy referenced in your answer to the preceding Interrogatory.

**Answer:**

**Interrogatory No. 24:**
Please identify the identity of your safety director and list his or her qualifications for this position.

**Answer:**

**Interrogatory No. 25:**
Please list all factors affecting your driver's compensation, including, but not limited to, per-mile compensation.

**Answer:**

**Interrogatory No. 26:**
Please indicate whether or not Defendant Louis Garassino was tested for the presence of drugs and/or alcohol following the incident in question, and the results of each test.

**Answer:**

**Interrogatory No. 27:**
Please describe in detail the specifics of Defendant Louis Garassino's route on the date in question. Include in your answer cargo carried; trip routing, all stops and planned destination(s).

**Answer:**

**Interrogatory No. 28:**
Please identify the manufacturer and model number of your tractor trailer.

**Answer:**

**Interrogatory No. 29:**
Please identify the gross and curb weight of the tractor trailer at issue.

**Answer:**

**Interrogatory No. 30:**
Please identify how many trucks and trailers you owned and/or leased at the time of the collision at issue.

**Answer:**

**Interrogatory No. 31:**
Please identify your method for auditing your driver's driving logs, and each individual involved in this process.

**Answer:**

**Interrogatory No. 32:**
Please identify your method for auditing your driver's inspection logs, and each individual involved in this process.

**Answer:**

## VERIFICATION

THE STATE OF _____        §

COUNTY OF _____        §

  BEFORE ME, the undersigned authority, on this day personally appeared

_____, known to me to be the person whose name is subscribed

to the foregoing Interrogatories, and acknowledged to me that he/she is a duly authorized

representative of CENTRAL HAULING COMPANY and after being duly sworn, stated

on his oath that the foregoing answers to Interrogatories are true and correct and that

he/she is authorized to make this affidavit on behalf of  CENTRAL HAULING

COMPANY.


         BY:  _____


  SWORN   AND   SUBSCRIBED   BEFORE   ME   by   the   said

_____, on this the _____ day of _____, 20__ to

certify which witness my hand and seal of office.


       _____
       NOTARY PUBLIC, STATE OF _____

CAUSE NO. 20-2029-C368

| | | |
|---|---|---|
| **ELIZABETH COX,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **WILLIAMSON COUNTY, TEXAS** |
| | § | |
| **LOUIS GARASSINO and CENTRAL** | § | |
| **HAULING COMPANY,** | § | |
| *Defendants* | § | **368TH JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE
## TO DEFENDANTS

To:   Defendants Louis Garassino and Central Hauling Company:

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose

the information or material described in the following subparts of Rule 194.2:

  a.   The correct names of the parties to the lawsuit;

  b.   The name, address, and telephone number of any potential parties;

  c.   The legal theories and, in general, the factual basis of your claims or defenses;

  d.   The amount and any method of calculating economic damages;

  e.   The name, address, and telephone number of persons having knowledge of

      relevant facts, and a brief statement of each identified person's connection with

      the case;

  f.   For any testifying expert:

      1.   the expert's name, address, and telephone number;

      2.   the subject matter on which the expert will testify;

      3.   the general substance of the expert's mental impressions and opinions and

          a brief summary of the basis for them, or if the expert is not retained by,

          employed by, or otherwise subject to the control of the responding party,

          documents, reflecting such information;

4.      if the expert is retained by, employed by, or otherwise subject to your

control:

A. all documents, tangible things, reports, models, or data

compilations that have been provided to, reviewed by, or prepared

by or for the expert in anticipation of the expert's testimony; and

B. the expert's current resume and bibliography;

g.   Any indemnity and insuring agreements described in Rule 192.3(f);

h.   Any discoverable settlement agreements described in Rule 192.3(g);

i.   Any discoverable witness statements described in Rule 192.3(h);

j. All medical records and bills that are reasonably related to the injuries or damages

asserted;

k. All medical records and bills obtained by virtue of an authorization.

l. The name, address, and telephone number of any person who may be designated as

a responsible third party.


Respectfully submitted,
DANIEL STARK, P.C.

BY_____

Zachary Tritico
State Bar No. 24101152
Post Office Box 1153
Bryan, Texas 77806
Telephone: (979) 846-8686
Facsimile: (979) 764-8002
ztritico@danielstarklaw.com
**ATTORNEY FOR PLAINTIFF**

Filed: 5/26/2020 11:48 AM
Lisa David, District Clerk
Williamson County, Texas
Angela Garcia

CAUSE NO. 20-2029-C368

| | | |
|---|---|---|
| ELIZABETH COX, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | 368th JUDICIAL DISTRICT |
| | § | |
| LOUIS GARASSINO AND | § | |
| CENTRAL HAULING COMPANY, | § | |
| *Defendants.* | § | WILLIAMSON COUNTY, TEXAS |

**ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CENTRAL HAULING COMPANY, one of the Defendants in the above-entitled and numbered cause (hereinafter, "Defendant" or "Central")), and files its Original Answer with Request for Disclosure; Defendant would respectfully show unto the Court as follows:

**I.**
**GENERAL DENIAL**

1.1     The Texas Rules of Civil Procedure and, in particular Rule 92, affords citizens and corporations of this state provide certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and does generally deny the allegations now made against it by the Plaintiff.   At any trial of this cause, Defendant will exercise its legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon her, to prove each and every material allegation contained in her pleadings by a preponderance of the credible evidence.

Envelope# 50766121

## II.
## OTHER AND AFFIRMATIVE DEFENSES

2.1     By way of affirmative defenses, and if necessary in the alternative, Defendant assert Plaintiff's alleged damages, if any, were the result of an intervening and/or superseding cause or condition for which this Defendants bear no legal responsibility or liability.

2.2     By way of further affirmative defenses, and if necessary in the alternative, Defendant would show that no action or inaction on Defendant's part was a cause in fact, proximate cause, or producing cause of Plaintiff's damages, if any; rather that Plaintiff's damages, if any, were caused, either solely or partially, by the negligence, fault, or liability of third persons or parties over whom these Defendant had no control.

2.3     Defendant would show that Plaintiff's alleged injuries and damages were proximately caused by Plaintiff's own negligent conduct, both of omissions and commissions, in one or more of the following respects:

  (a)     failing to maintain a proper lookout;
  (b)     driver's inattention;
  (c)     failing to control her vehicle;
  (d)     failure to remain within her lane and merging unsafely;
  (e)     operating her vehicle at a rate of speed which was greater than that which would have been operated by a person of ordinary prudence under the same or similar circumstances; and
  (f)     failing to timely apply her brakes.

Each of these acts and/or omissions, singularly, or in combination with the others, constituted negligence and/or negligence per se, which proximately caused the occurrence made the basis of Plaintiff's action and all damages alleged in this case.

2.4     Defendant is entitled to the full rights and benefits provided by the TEXAS RULES OF CIVIL PROCEDURE and the TEXAS CIVIL PRACTICE & REMEDIES CODE regarding the

apportionment of responsibility among responsible persons or settling persons, the rights to any applicable credits, reductions, and/or limitations on damages and upon any judgment that may be entered in this lawsuit, and the contribution from any other person or entities found to be liable to Plaintiff.

2.5     In the alternative, and without waiving the foregoing, Defendant is entitled to the protections afforded to her under TEXAS PRACTICE & REMEDIES CODE ANN. §41.003 and §41.033 et. seq.

2.6     In regard to damages with respect to Plaintiff's loss of earnings, if any, these damages are limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as set forth in § 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

2.7     Defendant would show onto the Court that as to medical expenses only the amount actually paid and/or incurred by Plaintiff is recoverable by Plaintiff in this lawsuit.  TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 41.0105.  Any amount that is discounted, written off, or adjusted following contribution of a third-party payor (including but not limited to Medicaid, Medicare or by Managed Care Administrator) is not an amount that is "paid or incurred," and should not be submitted to the jury or included in any economic damage award.

### III.

### REQUEST FOR DISCLOSURE

3.1     Pursuant to Tex. R. Civ. P. 194, Plaintiff is hereby requested to disclose within 30 days after service of this Original Answer and Request for Disclosure, the information or material listed in Rule 194.2, with such information or material to be produced at 1120 S. Capital of Texas Highway, Building 2, Suite 270, Austin, Texas 78746.

*Defendant's Original Answer and
Request for Disclosure*

**IV.**
**JURY DEMAND**

4.1     Defendant herewith tenders the required jury fee and demand a trial by jury.

**V.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff takes nothing by way of her cause of action against Defendant, that Defendant is awarded court costs, legal interest, both prejudgment and post judgment interest, and for such other and further relief to which Defendant may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT, L.L.P.**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By:   */s/ Lynn S. Castagna*
Lynn S. Castagna
State Bar No. 03980520
Lynn@texasdefense.com
Steven B. Loomis
State Bar No. 00793177
Loomis@texasdefense.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served upon the following person(s), in the manner(s) indicated below:

***<u>VIA FACSIMILE and/or VIA E-MAIL</u>***
Zachary Tritico
DANIEL STARK, PC
PO Box 1153
Bryn, TX 77806
(979) 846-8686


and in accordance with the Texas Rules of Civil Procedure, on the 22nd day of February 2021.


 */s/ Lynn S. Castagna*
Lynn S. Castagna

*Defendant's Original Answer and*
*Request for Disclosure*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Harriet Cochran on behalf of Lynn Castagna
Bar No. 03980520
harriet@texasdefense.com
Envelope ID: 50766121
Status as of 2/22/2021 2:55 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lynn Castagna | | lynn@texasdefense.com | 2/22/2021 11:48:08 AM | SENT |
| Zachary Tritico | 24101152 | ztritico@danielstarklaw.com | 2/22/2021 11:48:08 AM | SENT |
| Steven Loomis | | loomis@texasdefense.com | 2/22/2021 11:48:08 AM | SENT |
| Haley Taggart | | htaggart@danielstarklaw.com | 2/22/2021 11:48:08 AM | SENT |